IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JUAN RAMON MARTINEZ,
      Petitioner,

vs.                             Case No.: 3:14mc48/MCR/EMT

UNITED STATES NAVY,
      Respondent.
_____/

## **REPORT AND RECOMMENDATION**

Before the court is Petitioner's "Motion for Subpoena of Documents or Information" (ECF No. 1). Petitioner seeks only the issuance of a subpoena; he has filed no complaint or other civil action with this court.

Petitioner asks this court "to issue a subpoena ordering the United States Navy to produce documentation or information as to the location of Chief Andres Manual Carnot . . . and whether Krisinda Liane Whitley was listed as living with him" during a specified period in 1982 (*id.* at 1–2). Petitioner asserts, in general fashion, that this information may be relevant to a collateral attack he is developing in state court to attack his state conviction for capital sexual battery against Ms. Whitley. Petitioner is evidently seeking to establish an alibi defense and attack his state conviction on that basis.

The court is without subject matter jurisdiction over Petitioner's request for the issuance of a subpoena.  "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." <u>Sammie Bonner Const. Co., Inc. v. Western Star Trucks Sales, Inc.</u>, 330 F.3d 1308, 1311 (11th Cir. 2003) (quoting <u>Fitzgerald v. Seaboard System R.R. Inc.</u>, 760 F.2d 1249, 1251 (11th Cir. 1985)).  A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination.  *See, e.g.*, <u>Smith v. GTE Corp.</u>, 236 F.3d 1292, 1299 (11th Cir. 2001); <u>Goodman ex rel. Goodman v. Sipos</u>, 259 F.3d 1327, 1332 (11th Cir. 2001).

Petitioner has not brought any actual complaint in this Court seeking substantive relief of any kind other than moving for a subpoena, and it is evident from his request that he has no relevant action pending in this or any other federal court.

As provided by the United States Supreme Court:

Federal Rule of Civil Procedure 45 grants a district court the power to issue subpoenas as to witnesses and documents, but the subpoena power of a court cannot be more extensive than its jurisdiction.  It follows that if a district court does not have subject-matter jurisdiction over the underlying action, and the process was not issued in aid of determining

> that jurisdiction, then the process is void . . . .  As we observed in United States v. Morton Salt Co., 338 U.S. 632, 642 [70 S. Ct. 357, 363, 94 L. Ed. 401] (1950), "[t]he judicial subpoena power not only is subject to specific constitutional limitations, . . . but also is subject to those limitations inherent in the body that issues them because of the provisions of the Judiciary Article of the Constitution."

United States Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 76, 108 S. Ct. 2268, 2270, 101 L. Ed. 2d 69 (1988).  Quoting this passage, the court in Houston Business Journal, Inc. v. Office of Comptroller, 86 F.3d 1208, 1212–13 (D.C. Cir. 1996), went on to hold that a federal court lacks subject matter jurisdiction to issue a subpoena where the underlying action is in state court.  *See also* McCook Metals LLC v. Alcoa, Inc., 249 F.3d 330, 334 (4th Cir. 2001) (ancillary court's power to issue subpoenas is dependent on jurisdiction of court where underlying action is pending); Sullivan v. Dickson, 283 F.2d 725, 727 (9th Cir.1960) (motion to inspect documents under Fed. R. Civ. P. 34 or 45(b) cannot be granted in absence of pending proceeding); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2457 (3d ed. 2015) ("A subpoena under Rule 45 may issue only in aid of a pending action" with very few limited exceptions not relevant here).  Simply put, "[t]he federal courts are not free-standing investigative bodies whose coercive power may be brought to bear at will in demanding documents from others. Rather, the

discovery devices in federal court stand available to facilitate the resolution of actions cognizable in federal court."  <u>Houston Business Journal</u>, 86 F.3d at 1213.

To the extent that Petitioner is even contemplating the filing of an action, it would be in the form of a state action to collaterally attack his conviction under Florida law.  Accordingly, because this court is without jurisdiction to issue the subpoena, dismissal is warranted.

Accordingly, it respectfully **RECOMMENDED**:

1.      That Petitioner's "Motion for Subpoena of Documents or Information" (ECF No. 1) be **DENIED** and this action be **DISMISSED**.

2.      That all pending motions be **DENIED as moot**.

At Pensacola, Florida, this <u>5th</u> day of April 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.